■ In the Matter of COMMITTEE FOR THE BETTERMENT OF MOUNT KISCO, et al., Appellants, v BARBARA TAYLOR et al., Constituting the Zoning Board of Appeals of the Village of Mount Kisco, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent zoning board of appeals, dated June 15, 1976, which, after a hearing, directed the issuance of a building permit, the appeal is from a judgment of the Supreme Court, Westchester County, entered September 13,

---

1976, which dismissed the petition on the merits. Judgment affirmed, with costs. The proposed group home, in a single-family residential district, would house 10 children with either two housemothers or a married couple, together with a social worker, pursuant to section 374-c and subdivision 17 of section 371 of the Social Services Law, and the concomitant regulations contained in 18 NYCRR Part 477. The period of residency of a child in the group home would be at least two years. In *City of White Plains v Ferraioli* (34 NY2d 300, 304, 305) the Court of Appeals held that a group home may be regarded as a "family", for purposes of certain zoning requirements, when it has an *internal* structure "akin to a traditional [biologically unitary] family" and the *external* appearance of "a relatively normal, stable, and permanent family unit, with which the community is properly concerned." In our opinion the proposed group home meets this test. The availability of less restrictive use areas in the municipality which permit "rooming houses" and other nondomestic establishments is of no moment. Although the Supreme Court, in *Village of Belle Terre v Boraas* (416 US 1), sustained the authority of municipalities to preserve neighborhood character through single family zoning, that case is inapposite because "The group home does not conflict with that character and, indeed, is deliberately designed to conform with it" *(City of White Plains v Ferraioli, supra, p* 305). Mollen, P. J., Hopkins, Titone, Shapiro and Hawkins, JJ., concur.